UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| RANDY LEE MILLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV606-088 |
| ) | |
| SHERIFF LYNN ANDERSON, ) | |
| BULLOCH COUNTY SHERIFF'S ) | |
| DEPT., TIM NESMITH, MARK ) | |
| FOREMAN, and JEFF WHITE ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983. Doc. 1. On October 11, 2006, the Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. Doc. 3. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has returned the two forms; the case therefore is ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.

Plaintiff, incarcerated at the Bulloch County Jail at the time of the alleged incidents, lists three separate instances where he required medical attention and did not receive it. Plaintiff alleges that on September 3, 2006, jailors Tim Nesmith and Mark Foreman refused to provide medical attention for plaintiff when he became ill. Plaintiff

further alleges that Sheriff Lynn Anderson and jailor Jeff White ignored his requests for pain medication for a chronic back condition, causing him pain and to become sick from methadone withdrawal, and that Nesmith, Foreman, and White verbally harassed him while he was ill.

Plaintiff's allegations that Sheriff Lynn Anderson, and jailors Jeff White, Tim Nesmith, and Mark Foreman were deliberately indifferent to his serious medical needs state violations of his Eighth Amendment right to be free from cruel and unusual punishment. According to the complaint, defendants Anderson, White, Nesmith, and Foreman were acting under the color of state law at the time of the occurrences complained of by plaintiff.

The Court finds that these facts, as stated by plaintiff and read in a way most favorable to him, state a cognizable claim on which relief may be granted. Service upon defendants Sheriff Lynn Anderson, and jailors Jeff White, Tim Nesmith, and Mark Foreman is therefore proper at this time.

The Bulloch County Sheriff's Department is not an entity subject to suit under § 1983. See Lovelace v. DeKalb Central Probation, 144 Fed. Appx. 793, 795 (11th Cir. 2005) (county police department not a

legal entity subject to suit); Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (sheriff and police departments not usually considered legal entities subject to suit). In addition, plaintiff does not make any factual allegation against the Bulloch County Sheriff's Department in his complaint, suggesting that he is attempting to state a respondeat superior claim for the actions of the department's employees, a claim not cognizable under § 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 691 (1978).

It is RECOMMENDED that Bulloch County Sheriff's Department be DISMISSED as a defendant to this action. The Clerk is DIRECTED to forward a copy of plaintiff's complaint and this Report and Recommendation for service upon defendants Sheriff Lynn Anderson, Tim Nesmith, Mark Foreman, and Jeff White.

**SO REPORTED AND RECOMMENDED** this  23rd  day of **March, 2007.**

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA