UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| RANDY LEE MILLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV606-88 |
| | ) | |
| SHERIFF LYNN ANDERSON, | ) | |
| TIM NESMITH, MARK FOREMAN, | ) | |
| and JEFF WHITE, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) Defendants have filed a motion to dismiss the complaint based on plaintiff's failure to appear at a noticed deposition. (Doc. 20.) Plaintiff has not responded to the motion, and it is therefore deemed unopposed. L.R. 7.5. For the reasons that follow, defendants' motion should be **GRANTED** and the case should be **DISMISSED**.

Plaintiff was confined in the Bulloch County Jail when he filed his complaint on September 21, 2006. (Doc. 1.) On November 22, 2006, he notified the Court of a change of address. (Doc. 6.) On October 22, 2007, defendants' counsel served a deposition notice upon plaintiff at his last

known address. (Doc. 20 Attach. 1 at 1.) The deposition was scheduled to take place on November 5, 2007, but plaintiff failed to appear. (Id.)

"[O]nce a pro se litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). Rule 37(d) states:

> If a party . . . fails . . . to appear before the officer who is to take the deposition, after being served with a proper notice, . . . the court in which the action is pending on motion . . . may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

Fed. R. Civ. P. 37(d). Rule 37(b)(2)(C) permits the Court to "dismiss the action or proceeding or any part thereof" to remedy a Rule 37(d) violation. Defendants argue that this is the appropriate sanction under the circumstances. (Doc. 20 Attach. 1 at 1.)

Involuntary dismissal, however, is not a step which a court should take absent compelling circumstances. As the Eleventh Circuit has held, dismissal under Rule 37 "is an extreme remedy and should not be imposed if lesser sanctions will suffice." Navarro v. Cohan, 856 F.2d 141, 142 (11th Cir. 1988). In determining whether lesser sanctions will suffice, the presence or absence of willfulness is a relevant consideration. 8A Charles

Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2291 (2d ed. 1995). Plaintiff, however, has neither offered any explanation for his failure to appear for the taking of his deposition, nor has he opposed or even responded to defendants' motions to dismiss. Through the plaintiff's own inaction, therefore, the Court has been unable to assess the willfulness of his conduct. Since the plaintiff bears the burden of justifying his conduct, he must suffer the consequences of his silence. Given plaintiff's complete failure to permit discovery or to offer any explanation for his behavior, dismissal of his action is an appropriate sanction under Rule 37(d). See Navarro, 856 F.2d at 141-42 (several acts of neglect and indifference, including failure to appear for deposition, justified dismissal of plaintiff's action); Hashemi v. Campaigner Publications, Inc., 737 F.2d 1538 (11th Cir. 1984) (dismissal was an appropriate sanction for plaintiff's failure to appear at deposition or offer adequate explanation for his non-appearance); Bonaventure v. Butler, 593 F.2d 625, 626 (5th Cir. 1979) (plaintiff's repeated failure to appear for deposition warranted dismissal of his suit with prejudice); Durgin v. Graham, 372 F.2d 130, 131 (5th Cir. 1967) (where plaintiff has not appeared for deposition or given any

indication that he intends to do so in the future, dismissal is appropriate); Foss v. Gerstein, 58 F.R.D. 627 (S.D. Fla. 1973) (plaintiff's failure to appear for deposition or to justify his conduct warranted dismissal of his action).

For all of the above reasons, defendants' motion should be **GRANTED** and plaintiff's case should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 14TH day of December, 2007.

*[signature]*
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**